IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ROBERT KOFFLER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LERA INVESTMENT TECHNOLOGIES, INC.,<br><br>　　　　Defendant. | Case No. 1:24-cv-24563-RKA |

**DEFENDANT LERA INVESTMENT TECHNOLOGIES, INC.'S MOTION TO DISMISS**

Defendant Lera Investment Technologies, Inc. ("Defendant" or "LIT"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Plaintiff's Complaint (ECF No. 1). As grounds for this Motion, Defendant states as follows:

**BACKGROUND**[1]

Plaintiff Robert Koffler ("Plaintiff") founded LIT in 2013 and worked at the company in various capacities until his termination on June 17, 2024. ECF No. 1, ¶¶ 11-12. From "2016 through sometime in June 2023," Plaintiff, Camilo Montana ("Montana"), and Gabriel Holschneider ("Holschneider") each owned 33% of LIT. *Id.* ¶ 22. At some unspecified point in June 2023, Kickstart Fund, an institutional investor, became an additional LIT shareholder, and Plaintiff, Montana, and Holschneider thereafter "reduced their shareholding in [] LIT into the low 20%." *Id.* ¶ 22 n.2. In March 2024, Montana and Holschneider acquired "approximately 99.5% of [Plaintiff's] shares in LIT." *Id.* ¶ 27. Plaintiff believes that Montana and Holschneider fraudulently induced Plaintiff to transfer his ownership interest in LIT. *Id.* ¶¶ 25-27.

Over the next several months, Plaintiff remained in a "shareholder dispute" with Montana

---

[1] Defendant accepts the following facts as true solely for purposes of this Motion to Dismiss.

and Holschneider regarding Plaintiff's ownership stake in LIT. *Id.* ¶¶ 28-31. On June 11, 2024, Plaintiff claims he "notified LIT of the obligation to disclose the financial and control issues relating to the shareholder dispute, to the universe of LIT's stakeholders, and (unless the dispute was resolved), such disclosure must be done prior to the upcoming LIT Board of Directors' meeting that was scheduled for June 21, 2024." *Id.* ¶ 29. On June 13, 2024, "not hearing any response . . . [Plaintiff] followed up with LIT, via Montana and Holschneider, with additional urgency to a resolution of their shareholder dispute on the basis that its continued existence was a material issue that had to be disclosed to . . . potential interested parties doing business with LIT." *Id.* ¶ 30. Plaintiff also allegedly "objected to LIT's ignoring the disclosure requirement and emphasized that he would proceed to make such disclosures to the universe of potential LIT stakeholders." *Id.*

Notably, Plaintiff does not allege that LIT—through Montana, Holschneider, or any other agent—ever disregarded any disclosure requirements relating to the shareholder dispute with Montana and Holschneider or stated it would disregard any such disclosure requirements. On June 17, 2024, Defendant terminated Plaintiff's employment. *Id.* ¶ 34. On November 19, 2024, Plaintiff filed a single-count Complaint against Defendant. In the Complaint, Plaintiff asserts that Defendant terminated Plaintiff's employment in retaliation for "objecting to and refusing to participate in LIT's intention to secure funding and financing from shareholders and investors without making the required material financial disclosures," in violation of the Florida Whistleblower Act. *Id.* ¶ 38.

## STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal where a plaintiff fails to sufficiently plead a claim for relief. A "bare assertion" and "conclusory allegation[s]" will not suffice. *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 556-57 (2007).  A "formulaic recitation of the elements" of a claim also fails to meet the requisite pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, a plaintiff must "include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012) (abrogated on other grounds *by New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)). "Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal" under Rule 12(b)(6). *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003); *see also Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir. 2012) ("Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible.").

## ARGUMENT

Plaintiff asserts a meritless claim against Defendant under the Florida Whistleblower Act ("FWA"), Fla. Stat. § 448.102(3).  Plaintiff's claim should be dismissed because he failed to allege that he objected to or refused to participate in an actual violation of law.

The FWA provides in relevant part that "[a]n employer may not take any retaliatory personnel action against an employee because the employee has . . . [o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."  Fla. Stat. § 448.102(3).  Plaintiff alleges that Defendant violated this provision of the FWA because, according to Plaintiff, Defendant terminated Plaintiff's employment in retaliation for Plaintiff "objecting to and refusing to participate in [Defendant's] intention to secure funding and financing from shareholders and investors without making the required material financial disclosures," which Plaintiff believes would have been a violation of Section 17(a) and Rule 10b-5 of the Securities Exchange Act.  ECF No. 1, ¶ 38.  Plaintiff is mistaken.

To state a claim under the FWA, a plaintiff must allege that he objected to or refused to participate in an "activity, policy or practice . . . [that] *is*, in fact, in violation of a law, rule or regulation." *Eder v. Interline Brands, Inc.*, No. 10-CV-60470, 2011 WL 13214275, at *4 (S.D. Fla. Nov. 18, 2011) (emphasis in original).  Thus, a "good faith" but mistaken belief "that such violation occurred" is insufficient to establish a claim under the FWA. *Id.*  Because Plaintiff's Complaint is premised on perceived violations of Section 17(a) and Rule 10b-5 of the Securities Exchange Act, Plaintiff must show that the alleged shareholder dispute nondisclosure was, in fact, a violation of Section 17(a) and/or Rule 10b-5 to state a claim under the FWA. *See id.*

To prove a violation under Section 17(a)(1), "the SEC[2] must prove (1) material misrepresentations or materially misleading omissions, (2) **in the offer or sale of securities**, (3) made with scienter." *S.E.C. v. Merch. Cap., LLC*, 483 F.3d 747, 766 (11th Cir. 2007) (emphasis added) (internal citations omitted).  Similarly, to prove a violation under sections 17(a)(2) and 17(a)(3), the SEC must "show (1) material misrepresentations or materially misleading omissions, (2) **in the offer or sale of securities**, (3) made with negligence." *Id.*  And to show a violation of Rule 10b-5, "the SEC must show (1) material misrepresentations or materially misleading omissions, (2) **in connection with the purchase or sale of securities**, (3) made with scienter." *Id.*

Plaintiff has failed to allege that he objected to or refused to participate in any violations of Section 17(a) or Rule 10b-5.  First, Plaintiff does not allege any facts showing that Defendant failed to make any required disclosures relating to Plaintiff's shareholder dispute or that Defendant

---

[2] The SEC is generally responsible for enforcing the Securities Exchange Act.  *See e.g. Currie v. Cayman Res. Corp.*, 835 F.2d 780, 784–85 (11th Cir. 1988) ("[S]ection 17(a) does not imply a private cause of action.").

communicated to Plaintiff that Defendant was intending to disregard any disclosure requirements. In fact, the Complaint makes clear that Defendant had no communications with Plaintiff regarding this subject matter whatsoever. *See* ECF No. 1, ¶ 30 (alleging that Plaintiff did not "hear[] any response" from Defendant regarding any alleged disclosure requirements). Because Plaintiff failed to allege any facts supporting the conclusory assertion that Defendant refused (or intended to refuse) to make any alleged required disclosures regarding Plaintiff's shareholder dispute, Plaintiff cannot demonstrate that Defendant made any material misrepresentations or materially misleading omissions—necessary elements to show a violation of Section 17(a) or Rule 10b-5. *Merch. Cap., LLC*, 483 F.3d at 766 ("[M]aterial misrepresentations or materially misleading omissions" are required to show a violation under Section 17(a) and Rule 10b-5.). The Court should dismiss Plaintiff's claim on this basis alone.

Second, even assuming Plaintiff alleged facts demonstrating that Defendant refused to make any required disclosure (he did not and cannot), Plaintiff has nonetheless failed to allege that such nondisclosure would be violative of Section 17(a) or Rule 10b-5. This is because (1) Plaintiff failed to allege any facts showing the alleged nondisclosure was in connection with the purchase, offer, or sale of any securities, which is necessary to show a violation of Section 17(a) or Rule 10b-5; and (2) Plaintiff failed to allege any facts showing that the alleged nondisclosure of the shareholder dispute would constitute a "materially misleading"[3] omission under Section 17(a) or Rule 10b-5. Plaintiff's mistaken belief that Defendant's alleged nondisclosure—unrelated to any purchase, offer, or sale of securities—violated Section 17(a) or Rule 10b-5 is insufficient to state a claim under the FWA. *Eder*, 2011 WL 13214275, at *4 (S.D. Fla. Nov. 18, 2011) (A plaintiff

---

[3] "The test for materiality . . . is whether a reasonable man would attach importance to the fact misrepresented or omitted in determining his course of action." *Merch. Cap., LLC*, 483 F.3d at 766.

must show "that the activity, policy or practice objected to *is*, in fact, in violation of a law, rule or regulation." (emphasis in original)); *Alexander v. Heath*, No. 8:18-CV-639-CEH-JSS, 2021 WL 3602718, at *8 (M.D. Fla. Aug. 13, 2021) (dismissing FWA claim on a Rule 12(b)(6) motion to dismiss because plaintiff failed to allege he objected to conduct that actually violated the law) (citing *Pierre v. AIDS Healthcare Found., Inc.*, No. 19-62556-CIV-Singhal, 2020 WL 6381557, at *6 (S.D. Fla. Oct. 30, 2020) (Singhal, J.) ("to establish the first element of her *prima facie* FWA case, [plaintiff] must establish that she objected to conduct that actually violated a law, rule, or regulation")). Plaintiff's Complaint should therefore be dismissed for failure to state a claim.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court dismiss the Complaint in its entirety

Dated: January 2, 2025                                              Respectfully submitted,

                                                                    **MARK MIGDAL & HAYDEN**
                                                                    80 S.W. 8th Street, Suite 1999
                                                                    Miami, Florida 33130

                                                                    By: *s/ Maia Aron*
                                                                    Maia Aron, Esq.
                                                                    Florida Bar. No. 17188
                                                                    maia@markmigdal.com
                                                                    eservice@markmigdal.com
                                                                    Charles M. Garabedian, Esq.
                                                                    Florida Bar No. 1000974
                                                                    charles@markmigdal.com
                                                                    eservice@markmigdal.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on January 2, 2025, which served same electronically upon all counsel of record.

                                                                    By: *s/ Maia Aron*