IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
CASE NO. 1:24-cv-24563-RKA

ROBERT M. KOFFLER,

      Plaintiff,

v.

LERA INVESTMENT TECHNOLOGIES,
INC.,

      Defendant.

_____/

**JOINT SCHEDULING REPORT AND PROPOSED SCHEDULING ORDER**

      Plaintiff Robert M. Koffler ("Plaintiff" or "Koffler"), and Defendant Lera Investment Technologies, Inc. ("Defendant" or "LIT") (and jointly, the "Parties"), through their respective counsel and pursuant to Federal Rule of Civil Procedure 26(f), S. D. Fla. Local Rule 16.1(b), and this Court's December 23, 2024 Order [ECF No. 6], respectfully submit this Joint Scheduling Report and Proposed Scheduling Order.

      Pursuant to Local Rule 16.1(b)(1), counsel for the parties certify that they met and conferred on January 3, 2025 in good faith about all matters required by the rules as set forth below.

      Pursuant to Local Rule 16.1(b)(3), counsel for the Parties attach to this Report as Exhibit A their Joint Proposed Scheduling Order containing the required information ("Proposed Scheduling Order").

**A. Likelihood of Settlement**

The Parties have not yet had settlement discussions or explored settlement negotiations. They, however, are unlikely to reach a settlement in the near term given the present divergence in their positions concerning the facts and the law. Therefore, the Parties cannot predict the likelihood of settlement at this time. But they will, in good faith, keep opportunities for resolution open and available as discovery progresses. The Parties propose April 15, 2025 as their deadline to select a mediator and November 18, 2025 as their deadline to complete mediation.

**B.  Likelihood of Appearance in the Action of Additional Parties**

The Parties do not anticipate the appearance of additional parties in this action at this time.

**C.  Proposed Limits of the Time**

i.  **To join other parties and to amend the pleadings:** As set forth in the Proposed Scheduling Order (Ex. A), the Parties propose a deadline of March 24, 2025 to join other parties in this action and amend the pleadings.

ii.  **To file and hear motions:** As set forth in the Proposed Scheduling Order, the Parties propose a dispositive motion deadline of January 15, 2026 and a *Daubert* motion and motion *in limine* deadline of December 19, 2025.

iii.  **To complete discovery:** As set forth in the Proposed Scheduling Order, the Parties propose a discovery deadline including expert discovery of December 19, 2025.

**D.  Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment**

Generally, the Parties agree to work together in good faith to simplify the issues presented for the Court's determination. As set forth in the Proposed Scheduling Order, the Parties propose a deadline of January 15, 2026 to file motions for summary judgment or partial summary judgment.

Given the current state of the pleadings, the Parties anticipate one summary judgment motion per side.

**E.   The Necessity or Desirability of Amendments to the Pleadings**

As set forth in the Proposed Scheduling Order, the Parties propose an initial deadline of March 24, 2025 to amend the pleadings. Otherwise, the Parties propose compliance with Rule 15 and Local Rule 15.1 with respect to any other amendments to the pleadings.

**F.   The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need of Advance Rulings from the Court on Admissibility of Evidence**

The Parties intend to conduct written discovery utilizing Rules 33 and 34 to obtain information, documents, and electronically stored information ("ESI"). The Parties also plan to utilize requests for admission under Rule 36 to obtain factual admissions and authentication of documents and ESI. The Parties will work together to attempt to obtain stipulations of fact and concerning the authenticity of documents. Finally, as of now, the Parties do not believe they need any advance rulings from the Court concerning the admissibility of evidence.

**G.   Suggestions For the Avoidance of Unnecessary Proof and of Cumulative Evidence**

The Parties shall attempt to streamline the presentation of evidence to advance the case to trial and to minimize the duration of the proposed trial by attempting to avoid unnecessary proof and the presentation of cumulative evidence.

**H.   Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master**

The Parties have no objection to referring discovery matters to a Magistrate Judge. The parties do not agree to final disposition by the Magistrate Judge of any motion for sanctions on non-discovery matters or matters dispositive of any issue, claim, or defense.

**I.   A Preliminary Estimate of The Time Required for Trial**

The Parties believe they could complete the trial in this case in approximately 4 days, depending upon the issues that remain after disposition of summary judgment motions and other pretrial motions.

**J.    Requested Date or Dates for Conferences Before Trial, a Final Pretrial Conference, and Trial**

The Parties request a trial commencing in March 2026 or as soon as possible thereafter depending upon the Court's availability, as set forth in the Proposed Scheduling Order.

**K.  Any Issues About:**

**(i)    Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

The Parties agree to accept electronic service for the service of discovery between parties without the need for service by any other method. The Parties agree to produce electronically stored information in a manner and format agreeable and usable to all parties and in accordance with the Federal Rules of Civil Procedure.

The Parties are evaluating discovery issues, including ESI related issues, and, if appropriate and necessary, will enter into an ESI protocol and seek court approval of that protocol after further conferral about custodians, data sources, and other ESI related issues.

**(ii)    Claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

The Parties anticipate entering into a Rule 502 stipulation and seeking court approval of that stipulation and may enter into a confidentiality stipulation and also seek court approval of that stipulation, depending upon further conferral about confidentiality issues concerning the nature of the in-scope, relevant, and proportional discovery.

(iii)   **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist:**

The Parties agree to review and discuss use of the ESI Checklist. If appropriate, the Parties will use the ESI Checklist.

**L.  Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference**

The Parties are not presently aware of any other helpful information.

Dated: January 6, 2025

Respectfully submitted,

By: */s/ Leoncio E. de la Peña D. __*
Leoncio E. de la Peña D., Esq.
Florida Bar No. 454508
leo@dlp-law.com
Tracy Pérez, Esq.
Florida Bar No. 860441
tperez@dlp-law.com
DE LA PEÑA GROUP, P.A.
701 Brickell Avenue, Suite 1550
Miami, Florida 33131
Telephone: (305) 377-0909
Facsimile: (305) 377-1771

*Attorneys for Plaintiff*

By: */s/ Maia Aron____*
Maia Aron, Esq.
Florida Bar. No. 17188
maia@markmigdal.com
eservice@markmigdal.com
Charles M. Garabedian, Esq.
Florida Bar No. 1000974
charles@markmigdal.com
eservice@markmigdal.com
MARK MIGDAL & HAYDEN
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on January 6, 2025, which served same electronically upon all counsel of record.

By: */s/ Leoncio E. de la Peña D. __*
Leoncio E. del la Peña D., Esq.

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT

**SOUTHERN DISTRICT OF FLORIDA**

MIAMI DIVISION
CASE NO. 1:24-cv-24563-RKA

ROBERT M. KOFFLER,

     Plaintiff,

v.

LERA INVESTMENT TECHNOLOGIES,
INC.,

     Defendant.

_____/

## JOINT PROPOSED SCHEDULING ORDER

     **A.**    **Pursuant to Local Rule 16.1(a), the Parties propose that this matter be assigned to a Standard Track.**

     **B.**    **Accordingly, the Parties propose the following dates pursuant to the Standard Track:**

| Event | Due Date |
|---|---|
| Trial period to commence | **March __, 2026** |
| Parties exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The parties are reminded that pursuant to S.D. Fla. L.R. 26.1(b), initial disclosures shall not be filed with the Court unless an exception noted in the Local Rules applies. | **January 17, 2025** |
| Parties shall file motions to amend the pleadings or join parties. Defendants shall assert any cross-claims. | **March 24, 2025** |
| Selection of Mediator. | **April 15, 2025** |
| Parties shall disclose experts, expert witness summaries and reports, as required by Fed. R. Civ. P. 26(a)(2). | **October 20, 2025** |

1

| | |
|---|---|
| Parties shall disclose rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2). | **November 7, 2025** |
| Parties shall complete mediation and file a mediation report with the Court within 5 days of completion of the mediation. | **November 18, 2025** |
| Parties shall complete all discovery (including expert discovery), including depositions. | **December 19, 2025** |
| Parties shall file any motions *in limine* (other than *Daubert* motions). | **December 19, 2025** |
| The Parties shall file and serve the pretrial disclosures prescribed by Fed. R. Civ. P. 26(a)(3). | **December 19, 2025** |
| Parties shall file all dispositive pre-trial motions and memoranda of law. Parties shall also file any motions to strike or exclude expert testimony, whether based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), or any other basis. | **January 15, 2026** |
| Parties shall file their joint pretrial stipulation, witness lists, and exhibit lists in accordance with Rule 16.1(d) and (e). Parties shall also file final proposed jury instructions or conclusions of law. | **February 20, 2026** |
| Date certain for resolution of all pretrial motions by the Court. | |
| Date certain for the pretrial conference (if one is to be held). | |

**C.** **Any agreements or issues to be decided by the Court regarding the preservation, disclosure, and discovery or documents, electronically stored information, or things.**

None at this time.

**D.** **Any agreements the parties reach for asserting claims of privilege or protection of trial preparation material after production.**

None at this time.

**E.      A limitation of the time to join additional parties and to amend the pleadings.**

Please see Section B.

**F.      A space for insertion of a date certain for filing all pretrial motions.**

Please see Section B.

**G.      A space for insertion of a date certain for resolution of all pretrial motions by the Court.**

Please see Section B.

**H.      Any proposed use of the Manual on Complex Litigation and any other need for rule variations, such as on deposition length or number of depositions.**

None at this time.

**I.      A space for insertion of a date certain for the date of pretrial conference (if one is to be held).**

Please see Section B.

**J.      A space for insertion of the date certain for trial.**

The Parties suggest a trial date in March 2026.


**DONE AND ORDERED** in Miami, Florida this _____day of January, 2025.


_____
**HONORABLE ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

Copied furnished to: All counsel of record

3